### CUMMINGS *v.* VANDERBILT.

(*Common Pleas of New York City and County, General Term.* June 4, 1888.)

TRIAL—VERDICT—CONFLICTING EVIDENCE.

> Where, in an action for compensation for services as a broker, defendant claims offsets, and the evidence as to the demands of both parties is conflicting, the finding of the jury, under correct instructions by the trial court, is conclusive, and a motion to set aside the verdict, as contrary to the evidence, will be denied.

Appeal from general term of city court.

Action by Martin J. Cummings against Isaac T. Vanderbilt to recover, for services as a broker in effecting a sale of merchandise, the sum of $471.50,

with interest from October 26, 1883. The defendant answered by a general denial, accord and satisfaction, and payment. He also set up various counter-claims, aggregating the sum of $539.60, and prayed a dismissal of the complaint, and judgment in his favor for the aforesaid sum, with interest on $114 from January 31, 1887, and on $395 from March 15, 1887. The trial resulted in a verdict for plaintiff, and defendant appealed from the judgment of the city court, affirming the judgment entered on the verdict, and denying a motion to set aside the verdict and grant a new trial. The charge of the trial court was as follows:

"Pitshke, J. This is a case containing entirely questions of fact, and a great deal of evidence has been introduced. The plaintiff sues for alleged commissions on the sale of merchandise. The amount of the sale was $8,509,01. That there was such a sale to that amount is undisputed. The plaintiff cannot recover more than five per cent. on that amount, because any arrangement made after the sale was without consideration. The question is, the work being admitted to have been done, was there any specific amount of commissions agreed on, or was it to be the customary rate of five per cent., as the plaintiff averred, and which is denied by the defendant. That question is entirely with you, whether the parties agreed specially at the rate of five per cent., or whether there was no special agreement, and whether the prevailing rate, customary in that trade, was five per cent. or not. The plaintiff is evidently entitled to some compensation for his services. The defendant in answer sets up an accord and satisfaction, which is, of course, an admission that there was something due on the plaintiff's claim for services, whatever that was. The accord and satisfaction alleged by the defendant is that there was certain loans between the parties, and that, in addition to canceling these loans due from the plaintiff to the defendant, a certain amount, $75, was agreed to be paid by the defendant to the plaintiff, and was subsequently actually paid. If there was no specific agreement as to the amount of compensation that the plaintiff was to receive, and there was subsequently such an accord and satisfaction, then, of course, the plaintiff has been satisfied, and cannot recover. If, however, you believe that there has been no actual cash-payment, and believe the plaintiff's denial that there was such accord and satisfaction, plaintiff is entitled to some recovery, the amount of which it is in your province to determine. If he is entitled to recover at the rate of five per cent. on the amount of the sale, that would be $425.45, which is the most that the plaintiff can recover in any event. It is admitted by the plaintiff that $28.50 is to be credited against that amount, and the sum of $2.10, making $30.50, which would leave a balance of $394.88, besides interest, which may be calculated afterwards, should you find such a verdict. On the other hand, the defendant has in law a right to put in counter-claims on contract, if they are true. He puts in two counter-claims, besides the $28.50 and the $2.10 which are admitted,—a note of $114, and a claim for thirty-nine months' rent, at $10 per month, $395. The note is made by the plaintiff in his own order, through his indorsement went to the defendant, and was afterwards taken up at the bank with the defendant's own money. The question before you on that point is one of fact. If this note was given by the plaintiff on the consideration that he owed some money to the defendant for loans previously made, as claimed by the defendant, the defendant can recover against the plaintiff the amount of that note. If, on the other hand, the plaintiff's story is true that it was a mere accommodation note, made for the benefit of the defendant, and the defendant raised money on it at the bank, and afterwards paid it, the plaintiff, in that view of the case, got no benefit at all from the note, and of course is not to be charged with that amount. As to which version is correct, you are to decide. But this being a claim by the defendant against the plaintiff, in the same way as if it were a suit by the defendant against the plaintiff, the burden of proof on that point is on the de-

fendant. As to the next counter-claim of the defendant for rent, it is claimed that from December 1, 1883, to some day in March, 1887, a period of thirty-nine and a half months, (which is all after the alleged contract mentioned in the complaint,) there was a hiring of desk-room in the defendant's place of business by the plaintiff at the agreed rate of $10 per month, which is also sworn to be the fair value of such rental. As to whether such an agreement was made, and the probability of such an occupancy without rent being paid from time to time, is for you to consider. In that connection you have the right to consider the fact, which I think is undisputed, that no demand was made for rent during all that period. As I said before, $394.88 would be the most that the plaintiff could recover, in the most favorable view of the case to the plaintiff. If the note is chargeable against the plaintiff, which would be in case it was given for money loaned to the plaintiff, then $114 and interest should be deducted from the amount due the plaintiff; but if it was an accommodation note the plaintiff should not be charged with that amount. If the defendant is entitled to be credited with that amount, and you find that $394.88 is due the plaintiff for commissions, that would leave $288 due the plaintiff, irrespective of the rent. And if the claim for rent be also allowed by you, crediting the defendant with $395 would leave a balance due the defendant against the plaintiff of $113.12, with interest, and your verdict should be in favor of the defendant for that amount; that is, if you find there was an agreement before the plaintiff's occupancy of the defendant's office that the plaintiff should pay rent for the same at the rate of $10 per month, from month to month, or that that was the fair value of the rent, and that the office was occupied by the plaintiff during all that period. If you find against the defendant on that point, of course you will not deduct that amount from any amount of the plaintiff's claim, and your verdict would be for the plaintiff, as before explained. If, in the third place, you think that there was a settlement, an accord and satisfaction, by certain claims for money loaned, and a payment of $75 in addition afterwards, as the defendant asserts, and it is for you to say whether that is so or not, then you will find a verdict for the defendant in whatever amount you think proper, according as you allow or disallow the two counter-claims of the defendant for $114 on the note, and $395 for rent. Or if you find that the plaintiff was not entitled to recover anything for commissions, and the defendant is entitled to recover on both the rent claim and the promissory note claim, your verdict would be for the defendant in the sum of $509 and interest. It is entirely for you to say which of these claims—the plaintiff's claim and the two counter-claims of the defendant—should be allowed. It is all a matter of fact for your determination. As to the two claims of the defendant the burden of proof is upon him, and as to the plaintiff's claim the burden is upon the plaintiff.

Argued before LARREMORE, P. J., and DALY and ALLEN, JJ.

*Donohue, Newcombe & Cardozo,* for appellant. *Charles G. Cronin,* for respondent.

PER CURIAM. After carefully examining the record, we are of the opinion that the judgment and order appealed from should be affirmed. There is nothing to show that the result reached was against the evidence or the weight of evidence. On the question in the original contract there is a simple conflict of testimony, upon which we must accept, as did the general term of the city court, the verdict of the jury. Upon this branch of the case the receipts and checks, and other documentary evidence, are not inconsistent with plaintiff's theory of the action, or his testimony. Upon the alleged counter-claims of the defendant we can readily see, from the printed case, why the jury concluded that the preponderance of evidence was in favor of plaintiff. There were no errors of law in the rulings of the trial judge. Affirmed, with costs.